UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

RENTAL BOAT CORP.

     Plaintiff,

vs.                              CASE NO. 20-CV-60352-CMA

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW the Defendant, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Answer to the Plaintiff's Complaint would respectfully state as follows:

JURISDICTION, VENUE AND PARTIES

1.    Defendant admits the allegations set forth at Paragraph 1 of the Complaint.

2.    Defendant admits the allegations set forth at Paragraph 2 of the Complaint.

3.    Defendant admits the allegations set forth at Paragraph 3 of the Complaint.

4.    Defendant admits the allegations set forth at Paragraph 4 of the Complaint.

5.    Defendant admits the allegations set forth at Paragraph 5 of the Complaint.

6.    Defendant admits the allegations set forth at Paragraph 6 of the Complaint.

GENERAL ALLEGATIONS

7.    Defendant admits the allegations set forth at Paragraph 7 of the Complaint.

8.    Defendant admits the allegations set forth at Paragraph 8 of the ThiComplaint.

1

9. Defendant denies the allegations set forth at Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth at Paragraph 10 of the Third Amended Complaint

11. Defendant admits the allegations set forth at Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth at Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth at Paragraph 13 the Complaint

14. Defendant denies having knowledge or information sufficient to frame a response to the allegations set forth at Paragraph 14 of the Complaint and therefore denies same and demands strict proof thereof.

15. Defendant denies having knowledge or information sufficient to frame a response to the allegations set forth at Paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16. Defendant admits the allegations set forth at Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth at Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth at Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth at paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth at paragraph 20 of the Complaint.

21. Defendant admits the allegations set forth at Paragraph 21 of the Complaint.

22. Defendant admits the allegations set forth at paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth at paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth at Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth at paragraph 25 of the Complaint.

26.     Defendant admits the allegations set forth at Paragraph 26 of the Complaint.

27.     Defendant admits the allegations set forth at paragraph 27 of the Complaint.

28.     Defendant admits the allegations set forth at paragraph 28 of the Complaint.

29.     Defendant denies the allegations set forth at Paragraph 29 of the Complaint.

30.     Defendant denies having knowledge or information sufficient to frame a response to the allegations set forth at Paragraph 30 of the Complaint and therefore denies same and demands strict proof thereof.

COUNT I
DECLARATORY JUDGMENT

31.     Defendant repeats and realleges each and every denial as if set forth fully herein.

32.     Defendant denies the allegations set forth at Paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth at Paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth at paragraph 34 of the Complaint.

35.     Defendant admits the allegations set forth at Paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth at paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth at paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth at Paragraph 38 of the Complaint.

39.     Defendant denies the allegations set forth at Paragraph 39 of the Complaint.

40.     Defendant denies having knowledge or information sufficient to frame a response to the allegations set forth at Paragraph 40 of the Complaint and therefore denies same and demands strict proof thereof.

41.     Defendant denies the allegations set forth at Paragraph 41 of the Complaint.

## COUNT II
## BREACH OF CONTRACT

42.     Defendant repeats and realleges each and every denial as if set forth fully herein.

43.     Defendant denies the allegations set forth at Paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth at Paragraph 44 of the Complaint.

45.     Defendant admits the allegations set forth at Paragraph 45 of the Complaint.

46.     Defendant admits the allegations set forth at Paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth at Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth at Paragraph 48 of the Complaint.

49.     Defendant denies the allegations set forth at Paragraph 49 of the Complaint.

50.     Defendant denies the allegations set forth at Paragraph 50 of the Complaint.

51.     Defendant admits the allegations set forth at Paragraph 51 of the Complaint.

52.     Defendant denies the allegations set forth at Paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth at Paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

54.     The Complaint fails to state a claim on which relief can be granted.

55.     The Complaint is barred by the clear and unambiguous terms of the policy, including all warranties, exclusions and conditions stated therein.

56.     Defendant is entitled to claim set off.

57.     Defendant is entitled to claim Plaintiff's failure to mitigate his damages.

4

58.     Defendant asserts as an affirmative defense each and every, provision, warranty, exclusion and/or defense set forth in the policy(ies) of marine insurance.

59.     Defendant asserts as an affirmative defense each and every cause of action asserted and/or set forth in Defendant's Counterclaim for Declaratory Judgment.

60.     Defendant reserves the right to amend this pleading in order assert additional Affirmative Defenses upon future discovery of same.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

### JURISDICTION AND VENUE

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

3.     Defendant/Counter-Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the City of London.

4.     Upon information and belief, the Plaintiff/Counter-Defendant RENTAL BOAT CORP. (hereinafter "RENTAL BOAT") was at all times relevant hereto a corporation organized and existing under the laws of the State of Florida.

5

## **FACTUAL ALLEGATIONS**

5.      On or about April 23, 2018 Plaintiff/Counter-Defendant submitted to the Defendant/Counter-Plaintiff, via Defendant/Counter-Plaintiff's agent, an application seeking a policy of marine insurance. Such a submission was a routine aspect of the Defendant/Counter-Plaintiff's procedure for considering whether to agree to provide insurance coverage.

6.      A true and correct copy of the said application form completed and signed by Plaintiff/Counter-Defendant's authorized representative and submitted to Defendant/Counter-Plaintiff on or about April 23, 2018 by and on behalf of the Plaintiff/Counter-Defendant by its agent is attached hereto as Exhibit "A."

7.      Defendant/Counter-Plaintiff agreed to issue a policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

8.      On or about May 14, 2018 Plaintiff/Counter-Defendant submitted to the Defendant/Counter-Plaintiff, via Defendant/Counter-Plaintiff's agent a second application seeking a policy of marine insurance.

9.      A true and correct copy of the said application form completed and signed by Plaintiff/Counter-Defendant's authorized representative and submitted to Defendant/Counter-Plaintiff on or about May 14, 2018 by and on behalf of the Plaintiff/Counter-Defendant by its agent is attached hereto as Exhibit "B."

10.     Defendant/Counter-Plaintiff agreed to issue a policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "B."

11.     As part of the application process referenced herein, Defendant/Counter-Plaintiff required that the Plaintiff/Counter-Defendant also submit a signed Letter of Survey Recommendations Compliance certifying that "all recommendations pertaining to the above vessel contained within the detailed survey submitted herein have been complied with."

12.     A true and correct copy of the signed Letter of Survey Recommendations Compliance dated April 23, 2018 is attached hereto as Exhibit "C."

13.     On or about May 16, 2018, Defendant/Counter-Plaintiff in exchange for good and valuable consideration issued to the Plaintiff/Counter-Defendant named herein its Marine Insurance Policy No. CSRYP/167562 affording Hull & Machinery coverage in the amount of $400,000.00 on the 2010 50 ft Marquis vessel named "WHEN IN ROME" which was owned by the said Plaintiff/Counter-Defendant.

14.     A true and correct copy of the Policy Schedule for Defendant/Counter-Plaintiff's Policy No. CSRYP167562 is attached hereto as Exhibit "D."

15.     Defendant/Counter-Plaintiff's Policy No. CSRYP167562 included an express warranty which states "Warranted that Esteban Iriarte is fully supervised by Luis Campoo at all times whilst operating the Scheduled Vessel."

16.     On or about April 11, 2019 Plaintiff/Counter-Defendant submitted to the Defendant/Counter-Plaintiff, via Defendant/Counter-Plaintiff's agent a renewal application seeking to renew the coverage which had been afforded under Policy No. CSRYP/167562. Such a

submission was a routine aspect of the Defendant/Counter-Plaintiff's procedure for considering whether to agree to renew the coverage by issuing another insurance coverage.

17.     A true and correct copy of the said renewal application form completed and signed by Plaintiff/Counter-Defendant's authorized representative and submitted to Defendant/Counter-Plaintiff on or about April 11, 2019 by and on behalf of the Plaintiff/Counter-Defendant by its agent is attached hereto as Exhibit "E"

18.     Defendant/Counter-Plaintiff agreed to issue a new policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A.," "B," "C," "D" and "E"

19.     On or about May 3, 2019, Defendant/Counter-Plaintiff in exchange for good and valuable consideration issued to the Plaintiff/Counter-Defendant named herein its Marine Insurance Policy No. CSRYP175020 affording Hull & Machinery coverage in the amount of $400,000.00 on the 2010 50 ft Marquis vessel named "WHEN IN ROME" which was owned by the said Plaintiff/Counter-Defendant.

20.     A true and correct copy of the Policy Schedule and policy language for Policy No. CSRYP/175020 is attached hereto as Exhibit "F."

21.     Defendant/Counter-Plaintiff's Policy No. CSRYP175020 included an express warranty which states "Warranted that Esteban Iriarte is fully supervised by Luis Campoo at all times whilst operating the Scheduled Vessel."

22.     On or about July 17, 2019, while the Defendant/Counter-Plaintiff's Policy No. CSRYP/175020 was in full force and effect, the vessel which was insured thereunder is alleged to have sustained extensive damage as a result of a grounding incident.

23.     Upon receipt of the first notice of the July 17, 2019 incident described herein, Defendant/Counter-Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

24.   The said investigation established that Esteban Iriarte was not fully supervised by Luis Campoo at the time of the incident for which the claim was submitted.

25.     The investigation carried out by the Defendant/Counter-Plaintiff established that as many as ten (10) of the recommendations set forth in the survey which was submitted at the time of the submission of the application, Ex. "A" which were noted in the Letter of Survey Recommendations Compliance, Ex. "C" were not in fact completed.

26.     Defendant/Counter-Plaintiff denied the claim which was submitted by the Plaintiff/Counter-Defendant on the basis of the policy breaches referenced, *supra*.

27    Notwithstanding the facts established by Defendant/Counter-Plaintiff's investigation, Plaintiff/Counter-Defendant has made a claim against the Defendant/Counter-Plaintiff under the terms of Policy No. CSRYP/175020 demanding payment of the full policy limits for which the vessel was insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

28.     Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 27 as if set forth fully herein.

29.    Defendant/Counter-Plaintiff's policy states, in pertinent part:

9.  General Conditions & Warranties

\*\*\*\*\*\*

t)      Where any term herein is referred to as a "warranty" or
where any reference is made herein to the word "warranted"
the term shall he deemed a warranty and regardless of whether
the same expressly provides that any breach will void this
insuring agreement from inception, it is hereby agreed that
that any such breach will void this policy from inception.

30.    The Policy Schedule, Exhibit "F" attached hereto, states in pertinent part:

Additional Warranti3es, Terms and Conditions:

Warranted that Esteban Iriarte is fully supervised by Luis Campoo
at all times whilst operating the Scheduled Vessel.

31.    At the time of the incident of July 17, 2019 and on numerous dates prior thereto, the vessel was being operated by Esteban Iriarte without the full supervision of Luis Campooo. Plaintiff/Counter-Defendant was therefore in breach of the express warranty set forth in the Defendant/Counter-Plaintiff's policy of marine insurance.

32.    Notwithstanding the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant named herein has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the full insured value of the vessel or the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

33.     As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020.  Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

34.     As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## **SECOND CAUSE OF ACTION**

35.     Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 27 as if set forth fully herein.

36.     Defendant/Counter-Plaintiff's policy states, in pertinent part:

<u>9.   General Conditions & Warranties</u>

******

d)     This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

******

n)   This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

37.    The Plaintiff/Counter-Defendant breached the provisions of Defendant/Counter-Plaintiff's policy set forth above by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Defendant/Counter-Plaintiff's decision to accept and/or to continue the risk of insuring the 2010 50 ft Marquis vessel  alleged to have been owned by the Plaintiff//Counter-Defendant.

38.    The Plaintiff/Counter-Defendant misrepresented and/or failed to disclose the material facts with regard to work and/or repairs and/or maintenance alleged to have been completed, as referenced in the attached Letter of Compliance.

39.    Had the Plaintiff/Counter-Defendant disclosed the material facts or circumstances referenced herein, the Defendant/Counter-Plaintiff would not have agreed to issue its Policy No. CSRYP167562 or  CSRYP/175020, or would have issued a different policy, or would have charged a higher premium for the policy.

40.    The Plaintiff/Counter-Defendants' misrepresentation or failure to disclose material facts or circumstances constitutes a breach of the duties imposed upon the Plaintiff/Counter Defendant by the express terms the policy and under the applicable principles of federal maritime law.

41.    Plaintiff/Counter-Defendant's breach of the policy renders the said policy void *ab nitio* and/or entitles the Defendant/Counter-Plaintiff to rescind the policy.

42.    Notwithstanding the lack of any coverage under the Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of the agreed value as set forth in the said policy.

43.    As a result of the aforesaid lack of coverage under the terms of Defendant/Counter -Plaintiff's policy of marine insurance attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175020. Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44.    As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.


WHEREFORE, Defendant/Counter-Plaintiff demands judgment from the Court:

(A)    Declaring that the relationship of insurer and insured does not exist between Defendant/Counter-Plaintiff and Plaintiff/Counter-Defendant as regards the incident of July 17, 2019 in which the insured vessel is alleged to have sustained damage;

13

(B)     Declaring that Defendant/Counter-Plaintiff's Policy No. CSRYP175020 does not afford coverage to the Plaintiff/Counter-Defendant for the incident of July 17, 2019 in which the insured vessel sustained damage.

(C)     Declaring that the Defendant/Counter-Plaintiff's misrepresentation and/or non-disclosure of material facts as described herein voids the coverage afforded under Defendant/Counter-Plaintiff's Policy No. CSRYP/175020 and allows the Defendant/Counter-Plaintiff to void and/or to rescind the said policy;

(D)     Declaring that the Plaintiff/Counter-Defendant's breach(es) of the express warranty set froth in the policy voids all coverage and permits the Defendant/Counter-Defendant void and/or to rescind the said policy;

(E).     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated:        March 12, 2020
              Fort Lauderdale, Florida

                          GOLDMAN & HELLMAN
                          Attorneys for Defendant/Counter-Plaintiff
                          8751 W. Broward Boulevard
                          Suite 404
                          Fort Lauderdale, FL 33324
                          Tel (954) 356-0460
                          Fax (954) 832-0878


                          By:   Steven E. Goldman
                                STEVEN E. GOLDMAN, ESQ.
                                FLA. BAR NO. 345210

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court using the CM/ECF System which will provide an electronic notice to all counsel of record, this 12th day of March 2020.

GOLDMAN & HELLMAN
Attorneys for Defendant/Counter-Plaintiff
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954)356-0460
Fax (954) 832-0878

By:   /s/ Steven E. Goldman
STEVEN E. GOLDMAN, ESQ.
FLA. BAR N0. 345210

15